UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANJIT SINGH, <br><br>             Petitioner(s), <br><br>    v. <br><br> PAMELA BONDI, et al., <br><br>             Respondent(s). | CASE NO. C26-0477-KKE <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner was re-detained in August 2025 during a scheduled check-in appointment with United States Immigration and Customs Enforcement ("ICE"). Dkt. No. 1 ¶ 7. Petitioner contends that his re-detention violated his right to due process because ICE failed to follow its own regulations in effectuating his re-detention. Dkt. No. 1. Petitioner requests immediate release, as well as an order enjoining re-detention of Petitioner without adequate notice and an opportunity to be heard. *Id*. at 13. The Government[1] opposes the petition, stating that Petitioner's removal is significantly likely in the foreseeable future and that the Court should not credit Petitioner's "unsupported" allegation of due process violations. Dkt. No. 5.

---

[1] This order refers to the Federal Respondents—Attorney General of the United States Pamela Bondi, U.S. Department of Homeland Security Secretary Kristi Noem, ICE Acting Director Todd Lyons, and ICE's Acting Seattle Field Office Director Laura Hermosillo—generally as "the Government."

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

For the following reasons, the Court finds that Petitioner's detention is not only unlawful per the regulations but also violates his constitutional right to due process. Accordingly, the Court will grant the habeas petition and order the Government to release Petitioner from custody.

## I. BACKGROUND

Petitioner, a citizen of Fiji, has lived in the United States since he entered as a lawful permanent resident in 1980. Dkt. No. 6 ¶ 4. Following a criminal conviction, Petitioner was found deportable and ordered to be removed to Fiji. *Id*. ¶¶ 5–10. Petitioner was subsequently detained on September 2, 2010, and then released the same day on an order of supervision ("OSUP") because of his medical condition (paralyzed from the waist down and confined to a wheelchair). *Id*. ¶ 13. Thereafter, Petitioner complied with the conditions of his release. Dkt. No. 1 ¶ 6.

When Petitioner appeared for an ICE check-in on August 13, 2025, he was detained and "processed … as a final order of removal." Dkt. No. 6 ¶ 22. The Government is attempting to obtain a travel document from Fiji and represents that he can be removed within three weeks after that document is obtained. *Id*. ¶¶ 18–21.

On February 9, 2026, Petitioner filed a petition for writ of habeas corpus. Dkt. No. 1. The petition is now fully briefed and ripe for resolution. For the following reasons, the Court will grant the petition.

## II. ANALYSIS

**A.  Legal Authority**

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his re-detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]"

U.S. CONST. AMEND. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Where a procedure is set forth in an agency's regulations in order to protect a fundamental constitutional right such as due process, and the agency fails to follow that regulatory procedure, courts have found that this failure constitutes a due process violation.  *See, e.g.*, *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025) ("It is well-established that government agencies are required to follow their own regulations. … Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'" (quoting *Rokhfirooz v. Larose*, 804 F. Supp. 3d 1095, 1099 (S.D. Cal. 2025))).

**B.    The Government's Failure to Follow Its Regulations in Re-detaining Petitioner Violates His Constitutional Right to Due Process.**

Non-citizens subject to a removal order, such as Petitioner, may be released from detention under 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13.  These regulations describe the procedure by which release can be revoked if the non-citizen violates a condition of release, if there is a significant likelihood of removal "in the reasonably foreseeable future," or if revocation is in the public interest.  8 C.F.R. §§ 241.4(l), 241.13(i).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

These regulations provide that "[u]pon revocation" of a release order, a non-citizen "will be notified of the reasons for revocation of his or her release" and will be afforded an initial informal interview "promptly after his or her return to … custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. §§ 241.4(l)(1), 241.13(i). During that interview, the non-citizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she will be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." 8 C.F.R. § 241.13(i).

Here, the Government does not deny that 8 C.F.R. §§ 241.4(l) and 241.13(i) apply to Petitioner, but instead argues narrowly that Petitioner has not provided evidence conclusively establishing that the Government failed to comply with those regulations. Dkt. No. 5 at 10. According to the Government, the petition itself does not constitute such evidence because it was written by Petitioner's counsel and was not verified by Petitioner himself. *Id*. The Government concedes that it does "not possess evidence" that Petitioner *did* receive the process required by the regulations, but asks the Court to reject the petition's allegations as "unevidenced" and to require Petitioner to supplement the petition with a declaration. *Id*.

Habeas petitions must be verified "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The Local Rules of this district permit another person to verify a habeas petition on behalf of someone in custody so long as that person "set[s] forth therein the reason why it is not made and verified by the party in custody, and shall state he or she knows the facts set forth therein, or if upon information and belief, the sources of his or her information shall be stated." Local Rules W.D. Wash. LCR 100(e).

Here, Petitioner's counsel stated that Petitioner could not verify the petition himself because of the distance between counsel's office and the detention center where Petitioner is detained, and counsel stated that she verified the facts "upon information and belief, having

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

reviewed the relevant records and pleadings." Dkt. No. 1-4. Counsel's verification complies with 28 U.S.C. § 2242 and the Local Rules, and the Court therefore considers the petition to be properly verified. *Compare Pogosian v. Santacruz*, No. 5:26-cv-00540-SRM—E, 2026 WL 413639, at *2–3 (C.D. Cal. Feb. 11, 2026) (citing *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011) ("A verified complaint may be treated as an affidavit, and, as such, it is evidence that may support injunctive relief."), *overruled on other grounds by Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc)). As such, the Court accepts the factual allegations in the petition—namely the allegation that Petitioner was re-detained without adequate notice or an informal interview (Dkt. No. 1 ¶¶ 8, 54–58). Particularly because the Government has presented no evidence to dispute that factual allegation, the Court finds that the Government has failed to show cause why the petition should not be granted. *See, e.g.*, *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (finding the government's return to be "insufficient when laid beside petitioner's undenied allegations, for the reason that petitioner has gone about as far as he could go to prove his claim that his release will not prejudice the United States. If there is good reason for the action of the Director in denying bail it is locked in the Director's own chest of knowledge and is unrevealed for proof against it").

The Government's return is devoted primarily to arguing that although Petitioner has been re-detained for longer than six months, his detention does not run afoul of *Zadvydas* because his removal is likely in the immediate future. Dkt. No. 5 at 8–10. The petition does not primarily challenge Petitioner's re-detention on *Zadvydas* grounds, however. Petitioner's due process claims provide an independent basis to grant the petition, because federal agencies must follow their own regulations and the Government has not done so here. Accordingly, the Court concludes that Petitioner's detention is unlawful and violates his constitutional right to due process. *See Constantinovici,* 806 F. Supp. 3d at 1164. The appropriate remedy for the violation of Petitioner's

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

constitutional rights is release. *See Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 166 (W.D.N.Y. 2025) ("[B]ecause ICE did not follow its own regulations in deciding to re-detain [petitioner], his due process rights were violated and he is entitled to release.").

### III.  CONCLUSION

The Court GRANTS Petitioner's habeas petition. Dkt. No. 1.

1. The Government is ORDERED to release Petitioner from custody under the conditions of supervision previously imposed, no later than March 3, 2026. Any future re-detention must comply with 8 C.F.R. § 241.13(i).

2. No later than March 4, 2026, the Government shall file a notice confirming that Petitioner has been released from custody.

3. The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition.

Dated this 2nd day of March, 2026.

Kymberly K. Evanson
United States District Judge